UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cornelius R. Jenkins, Jr., | ) C/A No. 8:12-1169-RBH-JDA |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Sheriff, Al Cannon, | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the court *pro se* by a local detention center inmate. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## **BACKGROUND**

Petitioner is currently incarcerated at the Charleston County Detention Center pending trial on armed robbery charges. In the Petition filed in this case, he claims that the state does not have sufficient evidence against him to justify his detention on the pending charge because of false statements by a witness and other deficiencies in the discovery materials he received. Pet., May 18, 2012, ECF No. 11, at 8. He also claims that his bond was set too high, resulting in his being incarcerated since July 1, 2011, and that his court-appointed legal counsel has not been in sufficient personal contact with him during his eleven-month incarceration. *Id.* at 9. Petitioner acknowledges that none of these claims has

been presented for a ruling to the state trial court where his criminal charge is pending. *Id.* at 8, 9. He asks this court to order "that [his] charge be thrown out . . . ." *Id.* at 9.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007. When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the

United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, the Petition submitted in this case should be summarily dismissed.

## DISCUSSION

As stated previously, Petitioner, a pretrial detainee, asks this court to order that the state criminal charge currently pending against him be dismissed. Ordinarily, federal habeas corpus relief for a state prisoner is available *post*-conviction. However, pretrial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, " 'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.' " *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting from *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). Generally, "an attempt to dismiss an indictment or otherwise prevent a prosecution" is not attainable through federal habeas corpus. *Dickerson v. Louisiana*, 816 F.2d at 226.

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court should not interfere with pending state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43-44. From *Younger* and its progeny, the Fourth Circuit Court of Appeals has culled the following test to determine when abstention from claims such as Petitioner's is appropriate: "(1) there are ongoing state judicial proceedings; (2) the

3

proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

The Petition in this case shows that a state criminal charge is currently pending against Petitioner, thus the first prong of the *Younger* abstention test is satisfied. The second prong is shown/satisfied by the United States Supreme Court's statement that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Addressing the third criteria, the Court has noted "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Gilliam*, 75 F.3d at 903. Specifically, federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. *Dickerson*, 816 F.2d at 224-26; *see Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 489-90 (1973). While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pretrial intervention. *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975). Thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *Id.* Where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore*, 515 F.2d at 449 (speedy trial claim not "special"; claim could be raised at trial or on appeal).

The facts shown by this Petition support a finding that the third prong of the *Younger* abstention doctrine is also met in this case because no "special circumstances" requiring this court's immediate intervention are shown. Petitioner acknowledges that he is represented by legal counsel in connection with the pending state criminal charges, but that neither he nor his attorney filed motions or otherwise raised in state court the issues of the sufficiency of the evidence against him or the amount of bond that was set in his case. Additionally, nothing in the Petition shows that Petitioner asked the state court to given him a different attorney, even though he states that the attorney "has lacked to interact with [him]" during his incarceration. All three of these claims raise issues of fact and law that are appropriate for determination by the state trial court where Petitioner's charge is pending. All three issues may also be raised in the South Carolina appellate system and in the state post-conviction relief process should the trial court rule against Petitioner if it is properly presented with the claims for a ruling. Because Petitioner can pursue the claims made in his habeas Petition in state court both during and after trial, the facts presented in his Petition fail to demonstrate "special circumstances," or to show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief of dismissal of the criminal charge. Thus, the third prong of the *Younger* abstention test is met, and Petitioner is precluded from federal habeas relief from this court at this time. *See Younger*, 401 U.S. at 43-44.

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

Petitioner's attention is directed to the important notice on the next page.

s/Jacquelyn D. Austin

Jacquelyn D. Austin
United States Magistrate Judge

May 25, 2012
Greenville, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**300 E. Washington Street, Rm. 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).